1  Z. RYAN PAHNKE (NV9641)
   **RAY QUINNEY & NEBEKER P.C.**
2  36 South State Street, Suite 1400
   Salt Lake City, Utah  84145-0385
3  Telephone:  (801) 532-1500
   Email: rpahnke@rqn.com
4

5  WAYNE O. KLOMP (NV10109)
   17832 Trek Trail
6  Reno, Nevada, NV 89521
   Telephone: (775) 770-0386
7  Email: wayne@greatbasinlawyer.com

8  Attorneys for Sagebrush 66
   Investment Company, Inc.

9
                    **UNITED STATES DISTRICT COURT**
10
               **IN AND FOR THE DISTRICT OF NEVADA**
11

12 | PETROLEUM WHOLESALE, L.P., | |
   | a Texas limited partnership, | |
13 | | Case No. 3:19-cv-00516-MMD-WGC |
   | Plaintiff, | |
14 | | |
   | vs. | **STIPULATED MOTION AND ORDER TO** |
15 | | **EXTEND SCHEDULING ORDER** |
   | SAGEBRUSH 66 INVESTMENT | |
16 | COMPANY, INC., a Nevada corporation, | **(Seventh Request)** |
   | and DALE DERBIDGE, an individual, | |
17 | | |
   | Defendants. | |
18

19 SAGEBRUSH 66 INVESTMENT
   COMPANY, INC., a Nevada corporation,
20
              Counterclaim Plaintiff,
21
   vs.
22

23 PETROLEUM WHOLESALE, L.P., a Texas
   limited partnership,
24
              Counterclaim Defendant.
25

26

27

28

Pursuant to LR IA 6-1, the parties in this case, Petroleum Wholesale, L.P., Sagebrush 66 Investment Company, Inc., and Dale Derbidge, by and through their respective counsel of record, hereby stipulate to and request that the Court approve a temporary standstill of all litigation in the case for approximately 70 days while the parties finalize the terms of a structured settlement conceptually reached between them.

In the unlikely event the structured settlement is not reached or approved by this Court the parties have stipulated to a 70-day extension of all current deadlines. The revised stipulated deadlines are set forth below.  This is the parties' seventh stipulation to extend deadlines in this case.

As required by LR 26-4, the parties provide the following information which they assert demonstrate "good cause" for granting the parties' Stipulated Motion for a temporary standstill and to provide backup dates:

(1) The parties have negotiated a potential structured settlement concerning the disputed Fuel Marketing Location Agreement which is the subject of the litigation between the parties in this case;

(2) The parties have exchanged emails regarding the central terms of the structured settlement and the conceptual terms of the structured settlement appear acceptable to all parties;

(3) The structured settlement if consummated will settle all of the remaining claims and counterclaims in the case among all parties, recognizing the defendants have previously settled the cross claims between them through a mediation conducted in October 2020;

(4) The temporary standstill will allow the parties and their counsel to focus on finalizing the structured settlement rather than pursuing discovery, motions and other litigation matters;

(5) The temporary standstill will conserve further litigation expense which will be unnecessary once the structured settlement is finalized and the case is dismissed;

(6) The parties assert that it would be more cost effective to engage in further efforts to finally resolve this case now on the heels of the recent mediation;

(7) The granting of the stipulated motion is not unreasonable in time, will conserve judicial resources and should not be an inconvenience to the Court;

(8) Once the anticipated settlement is documented, the parties will be filing a stipulation to dismiss the case; and

(9) In the highly unlikely event that the structured settlement is unsuccessful or not approved by this Court through stipulated motion, the proposed schedule for all remaining deadlines in this matter shall be as follows:

(a)     Discovery Cut Off:  No later than **Friday, February 11, 2022.**

(b)     Expert Witness Disclosures:  The disclosure of any primary expert witnesses has already has occurred.  The disclosure of any rebuttal experts shall be no later than **Friday, January 14, 2022**.

(c)     Dispositive Motions:  Dispositive motions shall be filed no later than **Tuesday March 29, 2022**.

(d)     Pretrial Order.  The Joint Pretrial Order (including FRCP 26(a)(3) disclosures by the parties) shall be filed no later than **Friday, April 15, 2022**.  However, in the event dispositive motions are filed, the date for filing the Joint Pretrial Order (including Fed. R. Civ. P. 26(a)(3) disclosures) shall be suspended until 30 days after the Court issues a decision on the dispositive motions.

(e)     Other Deadlines.  Any other deadlines shall be extended by 70 days.

DATED this 19th day of November, 2021.

RAY QUINNEY & NEBEKER P.C.

*/s/ Z. Ryan Pahnke, Esq.*
Z. Ryan Pahnke, Esq.
        and
Wayne O. Klomp, Esq.
SNELL & WILMER
*Attorneys for Sagebrush 66*
*Investment Company, Inc.*


ROBERTSON, JOHNSON MILLER & WILLIAMSON

*/s/ Richard D. Williamson, Esq.*
Richard D. Williamson, Esq.
Samantha J. Reviglio, Esq.
*Attorneys for Petroleum Wholesale, L.P.*

WALLACE MILLSAP

*/s/ Patrick Millsap, Esq.*
F. McClure Wallace
Patrick Millsap
*Attorneys for Dale Derbidge*


**IT IS SO ORDERED.**

      Dated this 22nd day of November, 2021.


                              William G. Cobb
                            UNITED STATES MAGISTRATE JUDGE